# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERT L. GOOD, | ) | 1:11cv0953 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO REMAND ACTION |
| v. | ) | (Document 15) |
| | ) | |
| THE CALIFORNIA TABLE GRAPE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

On July 13, 2011, Plaintiff Albert Good, an individual dba ALG Enterprises, Coachella Valley Ranches and Castle Rock Vineyards ("Plaintiff") filed this Motion to Remand. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g).

**BACKGROUND**

Plaintiff filed the instant complaint for injunctive and declaratory relief in Fresno County Superior Court on May 20, 2011. Defendant California Table Grape Commission (the "Commission") removed the action to this Court on June 10, 2011, pursuant to this Court's original jurisdiction. 28 U.S.C. § 1441(b).

On June 17, 2011, Plaintiff filed a First Amended Complaint.

The Commission filed a Motion to Dismiss on June 29, 2011, though the hearing has been vacated pending the outcome of Plaintiff's Motion to Remand.

1

On July 13, 2011, Plaintiff filed this Motion to Remand. The Commission opposed the motion on July 13, 2011, and Plaintiff filed his reply on August 5, 2011.

## ALLEGATIONS IN THE ORIGINAL COMPLAINT

According to the Complaint filed in Fresno County and removed to this Court, Plaintiff is a grower, packer and shipper of table grapes with statewide operation. Plaintiff also employs a substantial sales force to market his own brand of table grapes and is therefore responsible for payment of assessments to the Commission. Pursuant to the Ketchum Act, Cal. Food & Ag. § 65500, et seq., Plaintiff has paid the Commission assessments beginning in the 2001-2002 crop year. The sum includes $1,901,388.93 paid from April 1, 2003, through November 29, 2010, as part of a previous escrow arrangement.

Plaintiff contends that the Commission's advertisements and promotions are largely designed to promote table grapes as though they were a generic commodity with generic quality. Plaintiff markets his own brand, however, to distinguish his product, grade and quality from that of competitors in an effort to secure higher prices and repeat customers. He believes that this mandatory generic advertising is harmful to his message and he "vehemently disagrees" with being associated with the Commission. Plaintiff is opposed to the idea that the Commission, which is compromised of a board of competitors, can chose the message and the messenger using his assessments.

Plaintiff explained that he filed a prior action in this Court, 1:03cv6390 OWW DLB, which was voluntarily dismissed without prejudice in November 2010.[1] In January 2011, the parties stipulated that Plaintiff would be entitled to put in escrow assessments accrued for a period of up to two years prior to the date of the new action so long as other conditions were met. The conditions were (1) Shipper/Third-Party litigant voluntarily dismisses a federal complaint and files a new action in California state court within two months; (2) the Commission enters

---

[1] The action was filed in 2003 and stayed in January 2004 pending resolution of a similar First Amendment challenge brought by Delano Farms in 1996, 1:96cv6053 OWW DLB. In 2008, this Court rejected the First Amendment argument, finding that the Commission's speech was permissible government speech. In November 2009, the Ninth Circuit affirmed the decision and on October 4, 2010, the Supreme Court denied a petition for writ of certiorari. In November 2010, the Commission moved to dismiss Plaintiff's 2003 action based on the decision in Delano Farms, but Plaintiff opted to voluntarily dismiss.

2

into a voluntary escrow arrangement with the Shipper within three months; and (3) Plaintiff files a California state court action against the Commission reasserting "some or all of the claims" that were voluntarily dismissed within four months. All conditions have been met.

For the First Cause of Action, Plaintiff alleges a violation of the First Amendment and 42 U.S.C. § 1983, contending that the Commission's mandatory assessments force him to financially support speech and his association with the Commission. He contends that the Commission's speech is not government speech and its expressive activities are not state expressive activities.

For the Second Cause of Action, Plaintiff alleges a violation of Article I of the California Constitution, based on the same allegations.

For the Third Cause of Action, Plaintiff alleges a violation of Article I of the California Constitution, based on his argument that the assessments are not a reasonable regulation to override his liberty and privacy interests.

For the Fourth Cause of Action, Plaintiff alleges a violation of his Due Process rights under the Fourteenth Amendment and/or the California Constitution. He contends that it is beyond the police power of the State to mandate that Plaintiff pay assessments for others and that the law is unreasonable, arbitrary, capricious and/or has no substantial relation to public health, safety or welfare.

Plaintiff seeks a refund of all assessments paid with respect to growing, packing, shipping and marketing of table grapes, and an injunction barring the collection of future assessments. Plaintiff also requests attorneys fees pursuant to California Code of Civil Procedure § 1021.5 and 42 U.S.C. § 1988.

**CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT**

The First Amended Complaint ("FAC") sets forth the same factual allegations and omits the causes of action under the Federal Constitution and 42 U.S.C. § 1983. His First and Second Causes of Action allege violations of Article I of the California Constitution. The Third Cause of Action alleges a violation of his Due Process rights under the California Constitution. Plaintiff also omits the request for attorneys fees under section 1988, but continues to request fees under

1 | California Code of Civil Procedure § 1021.5.

## DISCUSSION

A.     Legal Standard

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to invoke federal jurisdiction bears the burden of establishing jurisdiction. See Indus. Tectonics, Inc. v. Aero Alloy, 912 F. 2d 1090, 1092 (9th Cir. 1990).

Whether a cause of action arises under the Constitution, treaties, or laws of the United States must be determined solely from what is contained in the plaintiff's well-pleaded complaint. Lighting Science Group Corp. v. Koninklijke Philips Electronics N.V., 624 F.Supp.2d 1174, 1178 (E.D. Cal. 2008) (citing Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)). Federal jurisdiction is not proper when the federal question only arises through the defendant's defense or the plaintiff's necessary response thereto. Id. (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988)). A case may not be removed based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties conceded that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Removability is determined at the time the notice of removal was filed. Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1934). If the case was removable at that time, plaintiff cannot thereafter oust the federal court of jurisdiction by voluntarily changing the case so as to destroy the ground upon which removal was based. Hill v. Rolleri, 615 F.2d 886, 889 (9th Cir. 1980). When the federal claims have dropped out of the lawsuit in its early stages and only state law claims remain, it may be an abuse of discretion for the federal district court to retain the case. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988).

"Where doubt regarding the right to removal exists, a case should be remanded to state court."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

B.      Analysis

There is no question that at the time of removal, Plaintiff's state court complaint contained causes of action arising under federal law. Indeed, Plaintiff concedes as much and remand is therefore not mandatory.

However, Plaintiff filed a FAC that omits all federal claims. As Plaintiff's federal claims have been deleted early in this action, sound exercise of this Court's discretion requires that the action be remanded to state court.

Insofar as the Commission contends that Plaintiff has engaged in "forum-selection tactics" by trying to avoid litigating his action in federal court, the parties agreed in dismissing this action that Plaintiff would file in state court. The Court also notes that Plaintiff submitted a declaration indicating that the Commission's counsel was made aware of Plaintiff's intent to file a state law action in state court. Declaration of Jeffrey Reid ("Reid Dec."), ¶¶ 5,7, 8. Counsel's declaration also indicates that the federal law claims were inadvertently included in the state court action. Reid Dec., ¶ 13, 14, 17, 18. The Commission has not submitted any evidence to refute these statements.

Moreover, Plaintiff's filing in state court, followed immediately by deleting the federal claims in this Court after removal, can hardly be viewed as "forum-selection tactics." Plaintiff filed in state court and is entitled to return to state court now that the federal claims have been removed. Contrary to the Commission's suggestion, Plaintiff is not now required to remain in this forum.

Although the Court finds that remand is proper, it will not award Plaintiff fees under Section 1447(c). The complaint was subject to removal at the time it was filed in state court and the Commission's actions were objectively reasonable. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While the Court may nonetheless impose fees where unusual circumstances exist, such circumstances do not exist here.

5

**ORDER**

Based on the above, Plaintiff's Motion to Remand is GRANTED and this action is REMANDED to the Fresno County Superior Court for all further proceedings. Plaintiff's request for sanctions is DENIED.


IT IS SO ORDERED.

Dated: __August 12, 2011__            _____/s/ **Dennis L. Beck**_____
                                                         UNITED STATES MAGISTRATE JUDGE